# New York Supplement

## VOLUME 76,

AND

# New York State Reporter,

## VOLUME 110.

---

### SAUNDERS v. POST-STANDARD CO.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

VENUE—CONVENIENCE OF WITNESSES—PLACE OF TRANSACTION.

The venue of an action for libel is properly changed when it not only appears that the change will be for the convenience of the greater number of witnesses, but also that the transaction to which most of the testimony will be pertinent occurred in the county to which the change is sought, and 6 miles from its county seat, and nearly 40 miles from the county seat of the county in which the action was commenced.

Appeal from special term, Onondaga county.

Action by Franklin P. Saunders against the Post-Standard Company. From an order denying defendant's motion to change the place of trial, it appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Ceylon H. Lewis, for appellant.

Thomas H. Dowd, for respondent.

PER CURIAM. The action is brought for damages for an alleged libel. In one of the issues of the defendant's paper it was stated, in substance, that a south-bound train on the D., L. & W. road ran into a herd of cattle at Dunlap's crossing, half a mile north of Jamesville, killing one and injuring two so badly that they had to be shot after they went through great torture; that the cattle belonged to the plaintiff; that the two injured were so badly hurt that they were unable to rise. The article then proceeds:

"Saunders, it is alleged, hitched a pair of horses to them, and dragged them along the tracks about 600 feet, breaking bones that had not already

been broken. It is claimed that he left them there. A dispute arose as to whether the railroad company should kill the cattle or Saunders. Both refused, and the animals were left in a dying condition until late in the afternoon, when Superintendent O. R. Casey, of the Society for the Prevention of Cruelty to Animals, was notified. He went to Jamesville and shot the cows. Last night Mr. Casey said that he would doubtless swear out a warrant in the case."

It appears that the plaintiff was not in fact present when the accident occurred, or when the cattle were drawn off from the track, but that he soon thereafter came to the place; that the cattle were left to suffer by reason of the refusal of the plaintiff and of the station agent to kill them; and that the suffering was only relieved by the representative of the Society for the Prevention of Cruelty to Animals, who came from Syracuse five hours after the injury was caused. Without discussing in detail the materiality of the various witnesses upon either side whose testimony is claimed to be necessary, we are satisfied that the defendant has established a right to have the venue of the action changed to Onondaga county for the convenience of witnesses. This is true, if the number of witnesses only be considered. When, in addition, it appears that the transaction, to which most of the testimony will be pertinent, occurred in the county of Onondaga, 6 miles from Syracuse, and nearly 40 miles from Cortland, the defendant's application would seem to be unanswerable. The order should be reversed.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs to abide the event.